437 F.2d 758
 Julius Dwaine PERRY, Sr., Petitioner-Appellant,
v.
Clarence JONES, Sheriff, Dallas County, Texas, Respondent-Appellee.
No. 30312 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Jan. 5, 1971, Rehearing Denied Feb. 16, 1971.
 
 Julius D. Perry, Sr., pro se.
 Henry Wade, Crim. Dist. Atty., Dallas, Tex., for respondent-appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Julius Dwaine Perry was convicted of murder in Dallas County, Texas, and sentenced to serve a 20-year prison term. He appeals here from the order of a federal district judge denying his petition for a writ of habeas corpus. We affirm.
 
 
 2
 Perry's case is before this Court for the second time. On September 5, 1969, we affirmed the denial of his first habeas corpus petition on the ground that he had failed to exhaust his state remedies, particularly his remedy of direct appeal. See Perry v. Decker, 5 Cir., 1969, 415 F.2d 773. Appealing now from a second denial of relief on the same ground, Perry contends that because 22 months have elapsed since his conviction and the State of Texas still has not acted on his appeal, he is entitled to have his case treated as if he has exhausted his state remedies. We do not find, however, that Texas is responsible for the delay. Between January 8, 1969, when sentence was imposed on Perry, and August 6, 1970, when his appeal was filed with the Texas Court of Criminal Appeals, Perry, by his counsel, sought and received permission to extend the time for filing an appeal brief no fewer than four times. On the ground that the Texas appellate courts have not yet had an opportunity to rule on petitioner's allegations of error in his conviction,[1] we affirm the order of the district court denying relief. 28 U.S.C. 2254; Buel v. Decker, 5 Cir., 1970, 429 F.2d 1314.
 
 
 3
 Perry further contends that he cannot receive a full and fair hearing on appeal in the Texas courts because his court-appointed counsel has not been and is not rendering effective assistance. If this is so, Perry's immediately available state remedy is a motion to the Texas Court of Criminal Appeals for appointment of new appellate counsel. In the event that his motion is denied and Perry's conviction is affirmed on appeal, his claim of ineffective representation may be presented in a petition for habeas corpus in the Texas state courts pursuant to Art. 11.07, Vernon's Ann.Texas Code of Criminal Procedure. See State of Texas v. Payton, 5 Cir., 1968, 390 F.2d 261.
 
 
 4
 Affirmed.
 
 
 
 [1]
 We note that Perry's appeal is set for submission before the Texas Court of Criminal Appeals on January 13, 1971