440 F.2d 1182
 Tony Charles LOREN, Petitioner-Appellant,
v.
STATE OF TEXAS et al., Respondent-Appellee.
No. 30702 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 17, 1971.
 
 Tony Charles Loren, pro se.
 Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit judges.
 PER CURIAM:
 
 
 1
 This is a speedy trial case in which Appellant, Tony Charles Loren, seeks to compel the State of Texas to grant him a speedy trial on an outstanding indictment. The District Court denied Appellant relief, and affirm.
 
 
 2
 Appellant filed his pro se 'Application forInjunction' in which he alleges that he is being held in the Dallas County Jail under a state 1969 conviction, which presently is being appealed, and under a state indictment returned in July 1967 for which he has not yet been brought to trial despite his repeated demands. Consequently he claims that this failure on the part of the State of Texas amounts to a denial of his Sixth Amendment right to a speedy trial.
 
 
 3
 Although Appellant labeled his petition as an 'Application for Injunction', the District Court correctly treated it as an application for a writ of habeas corpus, and it denied relief because Appellant had failed to exhaust his state remedies.[1] Though the record is very limited Appellant does include therein a handwritten copy of a motion which had been filed in the state court by his former court-appointed counsel, who requested that Appellant receive a 'speedy, public and fair trial.' There is nothing in the record to indicate what formal action was taken on this motion, but a fair inference may be drawn from the record that the motion was either disregarded or refused. Thus Appellant's next step is to proceed within the Texas state appellate framework.
 
 Motion For A Speedy Trial In Texas
 
 4
 In Texas, at the appellate level the Courts are distinctly separated into either civil or criminal jurisdiction. Under this system the appellate court listens only to civil or to criminal matters, but there is no mixing of the two. Civil matters go first to the Courts of Civil Appeals, and then, in limited situations, finally to the State Supreme Court. Convictions in criminal cases are appealed directly from the trial court to the Court of Criminal Appeals. Habeas corpus is generally in the Court of Criminal Appeals after development of a record in the sentencing court under Tex.Code Crim.P.Ann. art. 11.07. See State of Texas v. Payton, 5 Cir., 1968, 390 F.2d 261; Carroll v. Beto, 5 Cir., 1967, 379 F.2d 329.
 
 
 5
 The Texas Constitution guarantees that 'In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury * * *' Tex.Const. art. I 10, Vernon's Ann.St. As this constitutional provision states, 'In all criminal prosecutions', one would think that under the dichotomized Texas system of civil and criminal jurisdiction Appellant's efforts to get a speedy trial-- not appeal from a conviction in the trial belatedly held-- would go to the Court of Criminal Appeals. However this is not so. When one has been denied a speedy trial in the Texas trial courts his proper remedy by way of mandamus or other permptory writ lies with the Texas Supreme Court. See Wilson v. Bowman, 381 S.W.2d 320 (Tex.Sup.1964); Fariss v. Tipps, 1971, 463 S.W.2d 176 (Tex.Supp.,); Smith v. Hooey, 1969, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607. Clearly in this case the record reveals that Appellant has not exhausted his state remedies by proceeding in the Texas Supreme Court. This is his next step if he is to continue to seek a speedy trial, and it is a condition precedent to Appellant's effective search for relief in the federal courts.
 
 
 6
 Thus we conclude that the Federal District Court was correct in denying Appellant relief, as it should enter the case only after available state remedies are exhausted unavailing. See 28 U.S.C.A. 2254; Perry v. Jones, 5 Cir., 1971, 437 F.2d 758; Johnson v. States of Texas, 5 Cir., 1970, 435 F.2d 920; Hughes v. District Attorney for Atlanta, Georgia, 5 Cir., 1970, 436 F.2d 568; Ector v. Smith, 5 Cir., 1971, 438 F.2d 975.
 
 
 7
 Affirmed.
 
 
 
 [1]
 28 U.S.C.A. 2254