**Gregg Alan BECK, Petitioner-Appellant,**

v.

**UNITED STATES of America (Sheriff
and District Attorney of Dallas Coun-
ty), Respondent-Appellee.**

**No. 30987
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 11, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. See N. L. R. B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

**1038**

Gregg A. Beck, pro se.

Henry Wade, Criminal Dist. Atty., Dallas, Tex., for appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the habeas corpus application of a Federal prisoner seeking removal of detainer warrants which the State of Texas has filed against him. We vacate and remand.

In June of 1968, while appellant was incarcerated in the federal correctional institution in Texarkana, Texas, the sheriff of Dallas County, Texas, caused the detainer warrants to be filed against appellant for untried charges pending in the state court. In March of 1969, appellant petitioned the proper state trial court for a speedy trial. Apparently no action was taken on that petition, whereupon appellant filed in the Texas Supreme Court a petition for a writ of mandamus directing the trial court to grant him a speedy trial or dismiss the warrants. The Supreme Court denied the petition whereupon appellant filed his habeas petition in the federal court. While the case was pending below appellant was transferred to the federal penitentiary in Leavenworth, Kansas, where he is presently incarcerated. The district court dismissed the petition for failure to exhaust state remedies.

A reading of the record reveals that appellant has exhausted the state remedies available to him, as described in this Court's opinion in Loren v. State of Texas, 5th Cir. 1971, 440 F.2d 1182. The reason given by the district attorney for not bringing appellant to trial is that there have been insufficient funds available to transport appellant to Dallas. This is not sufficient to excuse the state from its obligation to make a "diligent, good faith effort" to bring appellant to trial. Smith v. Hooey, 1969, 393 U.S. 374, 383, 89 S.Ct. 575, 21 L.Ed.2d 607. The judgment below is vacated and the case remanded with instructions to direct the State of Texas to bring appellant to trial or to dismiss the charges against him.

Vacated and remanded.