**Ex parte Thomas J. JOHNSON.**

**No. 45206.**

Court of Criminal Appeals of Texas.

Feb. 9, 1972.

Edith L. James, Austin, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceedings in the 167th District Court of Travis County.

On December 27, 1971, the appellant filed an application for writ of habeas corpus in the aforementioned court alleging he was being illegally confined and restrained of his liberty by the Travis County sheriff "for the reason he has been summoned to trial under a certain order of Judge Thomas Blackwell of the 167th Judi-

cial District Court six or more times, and that he has been held ineligible for bail by reason of a certain 'hold' or 'detainer' placed on him by the State of Pennsylvania."

Relying upon Rule 330(d), Texas Rules of Civil Procedure, appellant alleged he was entitled to release since such rule provides that if a case is set for trial twice, at the request of either party and not tried, it shall be dismissed. Claiming such rule was applicable to criminal cases appellant alleged that there had been five previous settings of "this cause" in which the State announced "Not ready" all to his prejudice and harassment and mental anguish.

At the habeas hearing on January 3, 1972, the appellant, apparently assuming the burden of proof, testified he had been indicted for "forgery and passing" and further was being held "on some sort of detainer" from Pennsylvania arising out of a parole violation following a burglary conviction and confinement in the penitentiary in that state. He further related he had been to court "on this charge" seven times, apparently referring to the "forgery and passing" indictment, but stated he was going to trial on January 17, 1972. Appellant's counsel introduced a letter to her from the Pennsylvania Board of Probation and Parole stating that the appellant had "absconded" and was a parole violator and the Board would make a decision in the case "once the Texas charges are disposed of."

Upon prompting by the court the State introduced into evidence two Travis County indictments charging the appellant in one indictment with felony theft (of an automobile) in one count and attempted passing of a forged instrument in the second count and in the second indictment with the offense of forgery.

The nature of the "detainer" from Pennsylvania was not developed by either party and no other evidence was offered.

At the conclusion of the habeas hearing the trial judge denied the relief sought but set the bond in each case pending before him at $10,000. This appeal was then taken.

We were informed in oral argument that since the habeas hearing one of the Texas indictments has been dismissed and that the appellant was convicted on the other indictment and that the appeal bond had been set at $5,000 in that cause.

■ It is next to impossible to determine what relief appellant desires or expects to receive on appeal at this time under the circumstances presented. The pleadings filed in this court are chiefly concerned with the lack of a speedy trial upon the "one remaining indictment" which we have been informed occurred on January 17, 1972. Further, this court does not have jurisdiction by writ of habeas corpus or writ of mandamus to order a "speedy trial." Only the Supreme Court of Texas has such general writ of mandamus authority.

The State has not favored us with a brief.

This court, with the heaviest caseload of any state appellate court in this nation, should not be required to take time to listen to oral argument, study meager records, pitted by deficiencies of both parties and suddenly arrive at justice under law to both sides.

■ In view of the record before this court, in which no one apparently took much interest, we conclude that the trial court did not err in denying the relief sought.

The judgment is affirmed.

DOUGLAS, J., concurs in result.

MORRISON, J., not participating.