455 F.2d 1156
 Albert H. CARTER, Petitioner-Appellant,
v.
E. B. DUGGAN, Judge of the 174th Judicial District Court of
Texas and William M. Hatten, Judge of the 176th
Judicial District Court of Texas,
Respondents-Appellees.
 No. 71-3240 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Feb. 29, 1972.
 
 Albert Carter, pro se.
 Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Lonny F. Zwiener, Asst. Attys. Gen., Austin, Tex., for respondents-appellees.
 Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.
 SIMPSON, Circuit Judge:
 
 
 1
 Carter filed his pro se complaint in the district court on September 20, 1971, asserting jurisdiction under Title 28, U.S.C., Section 1331, and under Title 28, U.S.C., Section 1343(3). He alleged that since May 25, 1971, he had been incarcerated pursuant to a seven year imprisonment sentence imposed by the defendant Judge Duggan in cause No. 137,784, and further that since January 22, 1969, four other felony indictments have been pending against him, Nos. 137,782 and 137,785, in the 174th District Court before Judge Duggan, and Nos. 137,781 and 137,783 in the 176th District Court (Judge Hatten). As to the pending indictments he asserted that under the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States he was entitled to either a speedy trial or to dismissal for want of prosecution,[1] but that he has been unable to obtain either because the defendants, purporting to act in their official capacities under color of state law, had unjustly refused to take any action in the cases. He alleged that as a consequence he had been compelled to seek relief by "petitioning the higher courts for the extraordinary remedy of mandamus", his petition being docketed as No. 71-5277 in the Supreme Court of the United States.[2]
 
 
 2
 The complaint alleged that as a result of the defendants' acts plaintiff was deprived of eligibility for selection as a state approved trusty in the prison system, that he was deprived of the opportunity to earn commutation ("good") time at the rate of thirty days for each month served, called "double time", with the effect of increasing the time that he would be required to serve before obtaining eligibility for parole or discharge, as well as depriving him of eligibility for trusty privileges including participation in the prisoners' work-release program. The relief asked was (a) for an order directing the defendant state court judges forthwith to dismiss the pending indictments for want of prosecution; (b) for a money judgment against the defendants, jointly and severally, at the rate of $250.00 a day, thirty days per month, commencing May 25, 1971, and continuing until the dismissal of the indictments, and (c) for the costs of court and such other relief as might appear just.[3]
 
 
 3
 The trial court permitted the complaint to be filed in forma pauperis, treated it as a petition for writ of habeas corpus, and denied relief for failure to exhaust state post-conviction remedies as required by Title 28, U.S.C., Section 2254, that is the remedy of state habeas corpus provided by Article 11.07, Texas Code of Criminal Procedure.
 
 
 4
 By Motion for Reconsideration filed a few days after the district court's order, the petitioner Carter pointed out that the trial court had misconstrued his original complaint, pointing out that he had alleged that he had taken his case to "the higher courts for the extraordinary remedy of mandamus, his case presently being docketed as No. 71-5277 in the Supreme Court of the United States". He asserted that since the Supreme Court takes cases only after denial of relief by the highest court of the state, Supreme Court Rule 31(2) and (3), it necessarily followed that he had exhausted state remedies and pointed out that he had petitioned the Court of Criminal Appeals of Texas on June 29, 1971 for writs of mandamus to require the two judicial defendants to dismiss the pending indictments for want of prosecution but that said Court of Criminal Appeals refused to file, consider or grant either of the two petitions despite its power to do so under Article 4.04, Texas Code of Criminal Procedure, citing cases. This was asserted to be the equivalent of the exhaustion of state remedies.
 
 
 5
 The Motion for Reconsideration further pointed out that it was error for the trial court to treat the complaint simply as a petition for habeas corpus relief, asserting that a cause of action under Sections 1331 and 1343(3) of Title 28, U.S.Code, was stated. He insisted upon the right to a judicial decision of his claim for monetary damages so that if he chose he could take an appeal, especially in view of the fact that a civil suit offered the possibility of more complete relief plus the advantage of discovery procedures under the Federal Rules of Civil Procedure.
 
 
 6
 The court was asked to vacate its order of dismissal so that the plaintiff's complaint could be treated as and proceed as an ordinary civil action or, in the alternative, that the order of dismissal be vacated so that the cause could proceed as a habeas corpus action. Tendered with the motion was an "Amendment of Complaint" adding language thereto asserting the exhaustion of state remedies by the petitions for mandamus addressed to the Court of Criminal Appeals of Texas, and that court's refusal to file or consider the petitions.
 
 
 7
 On October 5 the trial court acted upon the above-described pro se Motion for Reconsideration by entering the order appealed from here. The trial court alluded to the attempt to plead exhaustion of state remedies by the petitions to the Court of Criminal Appeals for mandamus relief, but pointed out that the petitioner had nowhere followed the "prescribed formula for fulfilling the exhaustion requirement, and specifically neglects to relate his efforts, if any, to secure relief from the state trial court" but continued the trial court:
 
 
 8
 "Petitioner's wrath has been most aroused, however, by this Court's insistence that his cause of action be treated as a petition for habeas corpus. He now moves the Court to treat the complaint as an 'ordinary civil action' under 28 U.S.C. Secs. 1331 and 1343(3). Although petitioner fails to identify any statute that might entitle him to relief in a suit to dismiss pending indictments and for damages sustained as a result of the pendency of such indictments, the language of his petition suggests an intention to litigate pursuant to the provisions of 42 U.S.C. Sec. 1983, for which exhaustion of State judicial remedies is not required. Hall v. Garson, 430 F.2d 430 (C.A. 5, 1970). Characterized thus, the complaint may proceed in this court as an ordinary civil action. Petitioner's motion for reconsideration is granted.
 
 
 9
 "The change of label is, however, of little avail to petitioner. It is a well-established principle that a judge acting in his judicial capacity is immune from suit under Sec. 1983. Pierson v. Ray, 386 U.S. 547, 553 [87 S.Ct. 1213, 18 L.Ed.2d 288] (1967). Since both respondents in this action are State judges, this court is left no alternative except dismissal. Accordingly, this cause of action, as amended, is dismissed."
 
 
 10
 We agree with the trial court that the two state judges are cloaked with judicial immunity and may not be subjected to a demand for damages for judicial action or inaction whether the right to damages is asserted to arise under Title 42, U.S.C., Section 1983 or under any other theory of liability.
 
 
 11
 With respect to his attempt to secure either trial or dismissal of the four cases pending against him, we think that it is clear that he has misconceived his remedy. The body vested with the power to compel lower courts to set pending cases for trial is the Supreme Court of Texas. See Article 5, Section 3 of the Texas Constitution, Vernon's Ann.Tex.St.,[4] and Sections 1733 and 1734, Annotated Texas Civil Statutes.[5]
 
 
 12
 The Supreme Court of Texas has exercised this power through the issuance of writs of mandamus directed to trial judges in Wilson, Relator v. L. L. Bowman, Jr., Respondent, 1964, Tex., 381 S.W.2d 320, and Fariss, Relator, v. Tipps, Respondent, 1971, Tex., 463 S.W.2d 176. It is this procedure which must precede an application for relief to a federal district court. Beck v. United States, 5 Cir. 1971, 442 F.2d 1037; Loren v. State of Texas et al., 5 Cir. 1971, 440 F.2d 1182.
 
 
 13
 Without prejudice to Carter's right to further recourse to a federal court following exhaustion of the indicated state remedy, the judgment below dismissing the complaint is affirmed. Upon remand, the district court is directed to modify its order of dismissal so as to reflect that it is without prejudice.
 
 
 14
 Modified, and as modified, affirmed.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I
 
 
 [1]
 No mention was made of the speedy trial provisions of the Sixth Amendment
 
 
 [2]
 Petition for leave to file petition for writ of mandamus denied by the Supreme Court of the United States January 10, 1972, sub nom. Carter v. Texas Court of Criminal Appeals, 404 U.S. 1012, 92 S.Ct. 690, 30 L.Ed.2d 677. That petition was of course still pending when the Notice of Appeal was filed in this case on October 13, 1971 and the Record on Appeal was docketed in this Court on November 10, 1971
 
 
 [3]
 Since Carter applied for and was granted leave to proceed in forma pauperis, the demand for court costs seems anomalous
 
 
 [4]
 Sec. 3. Jurisdiction of Supreme Court; writs; sessions; clerk
 Sec. 3. The Supreme Court shall have appellate jurisdiction only except as herein specified, which shall be coextensive with the limits of the State. Its appellate jurisdiction shall extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction under such restrictions and regulations as the Legislature may prescribe. Until otherwise provided by law the appellate jurisdiction of the Supreme Court shall extend to questions of law arising in the cases in the Courts of Civil Appeals in which the Judges of any Court of Civil Appeals may disagree, or where the several Courts of Civil Appeals may hold differently on the same question of law or where a statute of the State is held void. The Supreme Court and the Justices thereof shall have power to issue writs of habeas corpus, as may be prescribed by law, and under such regulations as may be prescribed by law, the said courts and the Justices thereof may issue the writs of mandamus, procedendo, certiorari and such other writs, as may be necessary to enforce its jurisdiction. The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State.
 The Supreme Court shall also have power, upon affidavit or otherwise as by the court may be determined, to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction.
 The Supreme Court shall appoint a clerk, who shall give bond in such manner as is now or may hereafter, be required by law, and he may hold his office for four years and shall be subject to removal by said court for good cause entered of record on the minutes of said court who shall receive such compensation as the Legislature may provide. As amended Aug. 11, 1891; Nov. 4, 1930.
 
 
 [5]
 TERMS AND JURISDICTION
 Art. 1733
 Art. 1733. [1526] May issue writs Note 1
 The Supreme Court or any Justice thereof, shall have power to issue writs of procedendo, certiorari and all writs of quo warranto or mandamus agreeable to the principles of law regulating such writs, against any district judge, or Court of Civil Appeals or judges thereof, or any officer of the State Government, except the Governor. Id.; Acts 1913, p. 107; Acts 1917, p. 140.
 Art. 1734. [1528] [1016] May issue mandamus, etc.
 Said Court or any judge thereof in vacation may issue the writ of mandamus to compel a judge of the district court to proceed to trial and judgment in a cause agreeably to the principles and usages of law, returnable to the Supreme Court on or before the first day of the term, or during the session of the same, or before any judge of the said Court as the nature of the case may require. P.D. 1579.