**Edward L. LEONARD**

v.

**Carol VANCE, District Attorney.**

**Civ. A. No. 71–H–1396.**

United States District Court,
S. D. Texas,
Houston Division.

Oct. 20, 1972.

Keith Barry Browne, Houston, Tex., for petitioner.

Joe S. Moss, Houston, Tex., for respondent.

SINGLETON, District Judge.

*Memorandum and Order:*

In October, 1958, petitioner was sentenced to a ninety-nine year sentence in the Tennessee State Penitentiary. On June 16, 1958, a detainer was placed on said petitioner from Harris County, Texas. The detainer was in connection with an indictment for murder. The record, as well as an evidentiary hearing in this court, has not revealed any good faith effort by the State of Texas, County of Harris, or any other official to bring petitioner to trial in the fourteen years this charge has been pending.

The petitioner testified that he did not know about the Texas detainer for approximately twelve years. The petitioner was apprized of the existence of the detainer when his name was brought up for parole in Tennessee. The petitioner testified he wrote to the Criminal Court, Harris County, Houston, Texas, a motion for speedy trial or a dismissal on January 6, 1971. The record reveals a return receipt dated January 8, 1971, from the Clerk of the Harris County

Criminal Court. There is also a motion for dismissal addressed to the Harris County Criminal Court. Having received no response, petitioner wrote to the Clerk of the Criminal Court and inquired as to the status of his case. The clerk responded that the record reflected no motion for speedy trial. Then on July 8, 1971, the petitioner filed a mandamus with the Texas Supreme Court for some action on his case in the Criminal District Court. Shortly thereafter, petitioner received a form letter in response from the Texas Supreme Court Clerk stating that the Texas Supreme Court had no jurisdiction to grant the relief sought. Petitioner then filed a writ of habeas corpus in this federal district court. 28 U.S.C. § 2254.

This case comes to this court in an unusual jurisdictional posture. The petitioner has not filed for a Texas state writ of habeas corpus under Vernon's Ann. Texas Code of Criminal Procedure 11.07. It must also be remembered that Texas has never had the petitioner in custody in order to technically "produce the body." Under usual circumstances this court might at this juncture dismiss the cause in order for the petitioner to exhaust his state remedies by filing for a Texas state habeas corpus. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1962). However, the nature of this case makes it a cause when justice could not allow such a harsh disposition. The Fifth Circuit has sanctioned this approach in Beck v. United States, 442 F.2d 1037 (5th Cir. 1971) and Loren v. State, *infra*. The *Beck* case is so similar to the instant case that its short opinion should be quoted:

"This appeal is taken from an order of the district court denying the habeas corpus application of a Federal prisoner seeking removal of detainer warrants which the State of Texas has filed against him. We vacate and remand.

"In June of 1968, while appellant was incarcerated in the federal correctional institution in Texarkana, Texas, the sheriff of Dallas County, Texas, caused the detainer warrants to be filed against appellant for untried charges pending in the state court. In March of 1969, appellant petitioned the proper state trial court for a speedy trial. Apparently no action was taken on that petition, whereupon appellant filed in the Texas Supreme Court a petition for a writ of mandamus directing the trial court to grant him a speedy trial or dismiss the warrants. The Supreme Court denied the petition whereupon appellant filed his habeas petition in the federal court. While the case was pending below appellant was transferred to the federal penitentiary in Leavenworth, Kansas, where he is presently incarcerated. The district court dismissed the petition for failure to exhaust state remedies.

"A reading of the record reveals that appellant has exhausted the state remedies available to him, as described in this Court's opinion in Loren v. State of Texas, 5th Cir. 1971, 440 F.2d 1182. The reason given by the district attorney for not bringing appellant to trial is that there have been insufficient funds available to transport appellant to Dallas. This is not sufficient to excuse the state from its obligation to make a 'diligent, good faith effort' to bring appellant to trial. Smith v. Hooey, 1969, 393 U.S. 374, 383, 89 S.Ct. 575, 21 L.Ed.2d 607. The judgment below is vacated and the case remanded with instructions to direct the State of Texas to bring appellant to trial or to dismiss the charges against him." Beck v. United States, 442 F.2d 1037, 1038 (1971).

The Fifth Circuit has further interpreted the exhaustion in speedy trial cases in Texas in Loren v. State:

*"Motion For A Speedy Trial In Texas*

"In Texas, at the appellate level the Courts are distinctly separated into either civil or criminal jurisdiction. Under this system the appellate court listens only to civil or to criminal matters, but there is no mixing of the

two. Civil matters go first to the Courts of Civil Appeals, and then, in limited situations, finally to the State Supreme Court. Convictions in criminal cases are appealed directly from the trial court to the Court of Criminal Appeals. Habeas corpus is generally in the Court of Criminal Appeals after development of a record in the sentencing court under Tex.Code Crim.P.Ann. art. 11.07. See State of Texas v. Payton, 5 Cir., 1968, 390 F. 2d 261; Carroll v. Beto, 5 Cir., 1967, 379 F.2d 329.

"The Texas Constitution guarantees that 'In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury * * *' Tex.Const. art. I § 10, Vernon's Ann. St. As this constitutional provision states, 'In all criminal prosecutions', one would think that under the dichotomized Texas system of civil and criminal jurisdiction Appellant's efforts to get a speedy trial—not appeal from a conviction in the trial belatedly held—would go to the Court of Criminal Appeals. However this is not so. When one has been denied a speedy trial in the Texas trial courts his proper remedy by way of mandamus or other peremptory writ lies with the Texas Supreme Court. See Wilson v. Bowman, 381 S.W.2d 320 (Tex.Sup.1964); Fariss v. Tipps, 1971, 463 S.W.2d 176 (Tex.Sup.); Smith v. Hooey, 1969, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607. Clearly in this case the record reveals that Appellant has not exhausted his state remedies by proceeding in the Texas Supreme Court. This is his next step if he is to continue to seek a speedy trial, and it is a condition precedent to Appellant's effective search for relief in the federal courts." Loren v. State of Texas, 5 Civ., 440 F.2d 1182, 1183.

The nature of this type of case has been thoroughly discussed in recent Supreme Court cases. Indeed, it was the very court involved in the instant case, the Criminal District Court of Harris County, that established the landmark case on the subject, Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969) when the Supreme Court held that the State is constitutionally required to press for trial of a defendant in custody of another jurisdiction.

In Smith v. Hooey, *supra,* as here, the prisoner never sought a state writ of habeas corpus. Instead, after asking to be tried, Smith filed a verified motion to dismiss the charge in the state court. No action was taken. Then, Smith filed a writ with the Texas Supreme Court. "Mandamus was refused in an informal and unreported order of the Texas Supreme Court." Smith v. Hooey, *supra* at 375, 89 S.Ct. at 576. The same procedural course was followed here with the variance that Smith sought certiorari in the United States Supreme Court and this petitioner filed a writ of habeas corpus in this federal district court to seek enforcement of Smith v. Hooey, *supra,* and its precedent.

The Fifth Circuit in Yoo Kun Wha v. Sheriff of Fulton County, State of Georgia, 436 F.2d 966 (5th Cir. 1970) set forth a guideline to be used in post-Smith v. Hooey cases:

"The petitioner's proper remedy now is to follow the procedures established under state law for asserting his right to a speedy trial. This may involve a demand to the trial court for a speedy trial or a motion to dismiss the charge for want of prosecution. If a trial does not follow this action within a reasonable time, the court would be constitutionally compelled to dismiss the charge. If the trial court refuses to act, the petitioner must pursue whatever state remedies are available to determine his rights. If after exhausting his state remedies the petitioner has obtained no relief, he may then seek habeas corpus in a federal district court." 436 F.2d at p. 967.

■ Petitioner Leonard chose the path "or a motion to dismiss." After making such a motion with no action

forthcoming, he pursued his state remedy by going to the Texas Supreme Court. There has been no evidence produced that after eighteen months there has been any action on the part of the state court, the Harris County District Attorney, or the State of Texas to either bring the petitioner to trial or to dismiss the indictment. Surely justice cannot dictate that a prisoner pursue an apparently useless procedure of filing more legal, pro se papers in order to require a state court system that has been directly ordered by the United States Supreme Court once to bring this type of case to a speedy trial. Eighteen months from the time of indictment to the time of trial would, to some, be *per se* prejudicial, much less the fourteen years that have elapsed here. The Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972) commented on the time tests used in determining the length of time necessary to adjudge the lapse as "prejudicial":

> "We have shown above that the right to a speedy trial is unique in its uncertainty as to when and under what circumstances it must be asserted or may be deemed waived. But the rule we announce today, which comports with constitutional principles, places the primary burden on the courts and the prosecutors to assure that cases are brought to trial . . . .. The approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed."

It is noteworthy that the unanimous court in Barker v. Wingo, *supra,* where the prisoner filed a federal habeas corpus writ without first seeking a state habeas, declared that:

> "The right to a speedy trial is generically different from any of the other rights enshrined in the Constitution for the protection of the accused."

In establishing the "balancing test" of *Barker,* the High Court set forth four factors that would not be talismanic but would be helpful in determining whether the accused had been denied his Sixth Amendment right to a speedy trial. The factors were identified as (1) "length of delay," (2) "the reason for the delay," (3) "the defendant's assertion of his right," and (4) "prejudice to the defendant."

The length of delay of fourteen years in this case must be considered inordinate. As discussed above, no reason for delay has been given. The defendant has asserted his right for action on his case. Testimony of the prejudice from delay has been introduced. The defendant had three witnesses that he would offer at a trial on the merits. One of the witnesses has died. After an extensive investigation one of the witnesses is missing. The one witness available stated to counsel that he is unable to remember three days in time fourteen years ago. Balancing all these factors, this court cannot but conclude that the petitioner has been prejudicially denied his right to a speedy trial while incarcerated in Tennessee. *See* Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970).

Accordingly, this court grants petitioner's writ of habeas corpus and directs the dismissal of any proceedings arising out of the charges upon which indictment and cause number 84218 in the Criminal District Court of Harris County, Texas, are based.

This is a final judgment.