**Jody Parks BROWN, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 76–1217 Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 3, 1976.

Rehearing Denied June 16, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Jody Parks Brown, pro se.

Stephen J. Wilkinson, Asst. Atty. Gen., John L. Hill, Atty. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., Joe B. Dibrell, Jr., Asst. Atty. Gen., Chief, Enforce. Div., Austin, Tex., for defendant-appellee.

Before WISDOM, THORNBERRY and TJOFLAT, Circuit Judges.

THORNBERRY, Circuit Judge:

Petitioner Jody Parks Brown is an inmate in the custody of the Texas Department of Corrections, presently serving a seventy-five year sentence for robbery by firearms. Two indictments remain outstanding against petitioner in Criminal District Court No. 5 in Dallas County, Texas: C–74–754–QL (aggravated robbery), returned on February 11, 1974, and C–74–1005–QL (assault with intent to kill), returned on January 21, 1974. After various attempts in Texas courts to have these cases brought to trial, Brown brought this petition for writ of habeas corpus under 28 U.S.C. § 2241 *et seq.*, claiming that his sixth amendment right to a speedy trial had been or was being violated. The district court, adopting the findings of the United States Magistrate to whom the case was referred, held that petitioner was arguing only that he *had been* denied his speedy trial rights, and not that he sought an immediate trial as a result of a *present* denial of those rights. The court found that, although Brown presented serious and cognizable issues under the sixth amendment, he had failed to exhaust available state reme-

dies in that he had made no attempt to quash the indictment and had not sought state habeas corpus under Article 11.07, Tex.Code Crim.Proc. Although we have sympathy for petitioner, whose extensive efforts to vindicate his claims have been thwarted for almost two years through no apparent fault of his own, we find that affirmance is required.

The record in this case shows that Brown had a court-appointed attorney at the time of his indictment for these offenses. On April 10, 1974, after the date set for trial had been passed once, Brown retained his own attorney. The trial was passed and reset at least twelve times after that date, however, apparently because Brown's attorney failed to appear. Brown asserts now that he is indigent and that his retained attorney has repeatedly failed to respond to his letters. He notes that he sought a speedy trial by written demand to the trial court on September 3, 1974,[1] and that he has at least twice attempted to secure a writ of mandamus from the Texas Supreme Court, after having been referred to that court by the Texas Court of Criminal Appeals. In both instances, the Texas Supreme Court refused to consider petitioner's *pro se* petition because it had not been submitted by his attorney. Finally, Brown asserts in his brief, he filed on September 7, 1975, a motion to dismiss the aggravated robbery indictment in Dallas County Criminal District Court No. 5.

An initial question is whether petitioner has any right to invoke federal habeas corpus in view of the fact that he has not yet been tried on the indictments in question. The answer is provided in large part by the Supreme Court's decision in *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The Court there reiterated the long established principle that "federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of

---

1. The trial court set trial for January 3, 1975, but petitioner's attorney again failed to appear and the case was passed.

an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 490, 93 S.Ct. at 1127, 35 L.Ed.2d at 449. The Court held, however, that there was an important distinction between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. *See Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met. *See Tooten v. Shevin,* 493 F.2d 173 (5 Cir. 1974), *cert. denied,* 421 U.S. 966, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975).

■ The district court found that petitioner was claiming that he *had been* denied a speedy trial and sought dismissal of indictments, and that he did not seek a present trial on the indictments. The court then assumed that the claim was cognizable and proceeded to determine whether Brown had exhausted available remedies. We believe that the decision that the claim was amenable to federal habeas corpus relief was error, in that a claim that indictments should be dismissed because of an already accomplished violation of a speedy trial right amounts to an attempt to assert "an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." 410 U.S. at 490, 93 S.Ct. at 1127, 35 L.Ed.2d at 449. To permit such an attempt would short circuit the judicial machinery of the state courts in violation of the long line of precedent cited by Justice Rehnquist in his *Braden* dissent. *See* 410 U.S. at 508–09, 93 S.Ct. at 1136–37, 35 L.Ed.2d at 460–61. We find in this case no special

circumstances which would justify such intervention, in view of the fact that the state itself has made multiple attempts, in apparent good faith, to bring petitioner to trial. For this reason, habeas corpus simply was not available to remedy the claim which the magistrate and district court perceived Brown to raise.

■ However, we also disagree with the characterization of the petition as one which dealt *only* with a claim that Brown *had been* denied a speedy trial. To be sure, the court certainly was not without reason in coming to this conclusion, since the petition stated near the end that "defendant maintains that he was denied a fair trial" and petitioner stated in his Reply to Respondent's Motion to Dismiss that "dismissal of the offending indictment is the only remedy". But we note also that the petition does not specifically seek this relief, and states that "the state is under a constitutional duty to bring defendant to trial." Particularly in view of petitioner's repeated efforts to force the state to try him, we believe that, under the liberal reading that we are required to give this *pro se* pleading, petitioner has adequately alleged both that he *has been* denied a speedy trial and is entitled to dismissal of the indictments and that he *presently is being* denied such a trial and is entitled to force the state to proceed or dismiss.

The latter claim is cognizable under *Braden,* but the exhaustion hurdles must still be overcome. This we find Brown failed to do in two particulars. He failed to make adequate efforts to effectively present both his demand for speedy trial to the trial court and his petition for writ of mandamus to the Texas Supreme Court. Although petitioner did attempt to bring his case to the attention of those courts on several instances, his efforts apparently failed because they were not supported by his attorney of record. With respect to the written demand, it appears that the trial court responded favorably, and petitioner did not get the requested trial only because his attorney did not appear. At-

tempts to secure a writ of mandamus from the trial court failed only because the Texas Supreme Court requires that they be submitted by an attorney.

█ While we would not permit a state procedural rule or practice to frustrate vindication of federal constitutional rights where it is unfairly applied or puts an undue burden on a petitioner, see Fay v. Noia, 372 U. S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Layton v. Carson, 479 F.2d 1275 (5 Cir. 1973), we have no evidence that this is the case. If petitioner's attorney of record no longer represents him and, as he now states, he is indigent, he should make an attempt to notify the state trial court of that fact and have another attorney appointed to represent him. If petitioner is unable to obtain the assistance of counsel that the trial court and the Texas Supreme Court require, or if his attempts to secure a speedy trial fail on the merits, we will deem these state remedies exhausted. See Parker v. State of Texas, 464 F.2d 572 (5 Cir. 1972).

█ Another possible state remedy available is by way of habeas corpus under Art. 11.07, Tex.Code Crim.Proc. Attempts to assert speedy trial rights have been entertained by the Texas Court of Criminal Appeals under this provision. See, e.g., Ex parte Williams, 379 S.W.2d 911 (Tex.Cr.App.1964). However, the Court of Criminal Appeals has jurisdiction in habeas corpus cases only to release a petitioner from custody; it has no power to order a speedy trial. Ex parte Johnson, 475 S.W.2d 916 (Tex.Cr. App.1972). Perhaps for this reason and because it seems just that a petitioner should be required to seek relief only once in the highest court of a state, the federal courts have not required resort to Texas habeas corpus prior to assertion of a speedy trial claim under federal habeas corpus jurisdiction. Beck v. United States, 442 F.2d 1037 (5 Cir. 1971); Loren v. State of Texas, 440 F.2d 1182 (5 Cir. 1971); Leonard v. Vance, 349 F.Supp. 859 (S.D.Tex.1972). According-

ly, we believe that resort to state habeas corpus by Brown is not required.

█ Similarly, we find that petitioner need not move to quash these indictments.[2] The only claim cognizable in federal habeas corpus is that petitioner is presently being denied speedy trial and seeks to force the state to give him one. A motion to quash cannot provide this precise relief and therefore should not be required.

Accordingly, the judgment of the district court will be affirmed, though on somewhat different reasoning. We require in the way of exhaustion only that petitioner make a reasonable effort to secure an attorney's assistance so that he can obtain relief from the trial court and the Texas Supreme Court. Those courts have, in this case and in the past, demonstrated a willingness to grant redress for injuries like those the petitioner allegedly is suffering. E.g., Wilson v. Bowman, 381 S.W.2d 320 (Tex.1964); State ex rel. Moreau v. Bond, 114 Tex. 468, 271 S.W. 379 (1925). We believe that proper resort to them is the most, and the least, that should be required for entrance into the federal courts.

AFFIRMED.

---

2. As noted above, Brown contends that he has already done so. We have no record indicta-

tion on this matter.