Kenneth JACKSON et al.

v.

JUSTICES OF the SUPERIOR COURT OF MASSACHUSETTS.

Civ. A. No. 76–3782–T.

United States District Court,
D. Massachusetts.

Nov. 8, 1976.

Russell K. Dunning, Boston, Mass., for Juvenile Court Advocacy Program.

## MEMORANDUM

TAURO, District Judge.

Petitioners in this case seek to have this court issue writs of habeas corpus on behalf of them and the members of the class they seek to represent. Petitioners, and the persons in the class they seek to have certified, were "bound over" by juvenile courts in Massachusetts prior to the decision of the United States Supreme Court in *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) on May 27, 1975, and have not yet been tried in the Superior Court.

Petitioners seek to prevent the occurrence of trials on the pending indictments in Superior Court on the grounds that such trials would subject them to double jeopardy. These trials were stayed, as a group, by the Superior Court, pending decision by the Massachusetts Supreme Judicial Court in a representative case. Following the issuance of that court's opinion in *Commonwealth v. A Juvenile* (No. 2) Mass.Adv.Sh. 1856, 351 N.E.2d 521 (1976) on July 15, 1976, the cases of the petitioners here were set down for trial. The trial of one of the named petitioners, John Hardy, is set for tomorrow, November 9, 1976.

Petitioners have moved for a stay of their trials pending decision of their petition on the merits. This court grants their motion for a stay of all state court proceedings against them and the members of the class consisting of all juveniles who, prior to May 27, 1975, were the subject of juvenile delinquency complaints which were dismissed pursuant to M.G.L. ch. 119, § 61 and who are now awaiting trial in the Superior Court on indictments alleging the same substantive offense where the state court proceedings are pursuant to those indictments.

The court has jurisdiction of this case under 28 U.S.C. § 2254. Petitioners have exhausted their state court remedies fully. It is not necessary that a judgment of conviction enter before a habeas corpus petition may be entertained, where the substance of the claim is that the occurrence of the trial will subject the petitioner to double jeopardy. *U. S. ex rel. Russo v. Superior Court of New Jersey*, 483 F.2d 7 (3d Cir. 1973); *Thames v. Justices of the Superior Court*, 383 F.Supp. 41 (D.Mass.1974). Furthermore, this court has jurisdiction under 28 U.S.C. § 2251 to stay state court proceedings where it is necessary to do so to prevent the state from acting in a manner which will render relief by the Federal court meaningless. *U. S. v. Shipp*, 203 U.S. 563, 27 S.Ct. 165, 51 L.Ed. 319 (1906); *U. S. ex rel. Triano v. Superior Court of New Jersey*, 393 F.Supp. 1061 (D.N.J.), aff'd, 523 F.2d 1052 (3rd Cir. 1975) (stay issued to prevent subjecting petitioner to trial where

violation of double jeopardy alleged); *Fouquette v. Bernard*, 198 F.2d 96 (9th Cir. 1952) (stay issued to prevent execution of petitioner pending decision on the merits of his appeal).

■ Although the stay here will prevent the petitioners from being subject to trial rather than from being subject to capital punishment, the situations are comparable, because, in both, the issuance of the stay is necessary to protect the petitioner's federally guaranteed right. The evil sought to be prevented by the double jeopardy clause is the subjection of the defendant to a second trial; its goal is to prevent a second trial from taking place at all. *Robinson v. Neil*, 409 U.S. 505, 509, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973). Should this court refrain from issuing a stay and subsequently decide that the trial of the petitioners in the Superior Court subjected them to double jeopardy, it would be unable to provide the petitioners with an effective remedy.

■ The fact that the court has not yet certified the class requested by the petitioners is no bar to its issuance of a stay as to the whole class. *Adderly v. Wainwright*, 272 F.Supp. 530 (M.D.Fla.1967); *Hill v. Nelson*, 271 F.Supp. 439 (N.D.Cal.1967). The court will hear argument on the motion for certification of the class as soon as is feasible to do so. Until that time, however, issuance of the stay as to members of the class as defined by the petitioners in their complaint is necessary to protect the jurisdiction of this court, and its ability to fashion an effective remedy.

■ The issuance of this stay is not barred by the principles of comity and federalism articulated in the line of cases beginning with *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). A primary focus of those cases is the necessity that the plaintiff exhaust fully his remedies in the state court; that is, that the Federal court should refrain from acting where the plaintiff failed to take advantage of an opportunity to raise the federal issues involved in state court, despite the existence

of a competent state forum. *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). Here, the petitioners have given the state court every opportunity to hear their claim before they have sought to make use of the federal forum. Therefore, the underlying reasons for declining jurisdiction as taught in *Younger* are absent here.

In addition, *Younger* stressed that federal intervention in a state court proceeding is appropriate where the petitioner can show irreparable injury which is "both great and immediate." *Younger v. Harris, supra*, 401 U.S. at 45, 91 S.Ct. [746] at 751. The Court went on to explain that "the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* The case at bar is just such a case. Not only can the threat to the petitioner's federally protected right not be eliminated by a defense in a single criminal prosecution; rather, the requirement that the petitioners go through a second trial to offer a criminal defense violates the very federal right they seek to protect.

Finally, the court notes that harm to the state from the issuance of this stay is not great where the state has already voluntarily stayed these trials for more than a year. In view of the enormous harm which would be caused to the petitioners should the stay not issue, the Court orders that their motion be granted.

An order will issue.