**Julia McCain LAMPKIN–ASAM,
Plaintiff-Appellant,**

v.

**The SUPREME COURT OF FLORIDA,
Defendant-Appellee.**

No. 79–1146
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 27, 1979.

Julia McCain Lampkin-Asam, pro se.

Joe Belitzky, Asst. Atty. Gen., Tallahassee, Fla., for defendant-appellee.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Naming "The Supreme Court of Florida" as respondent, petitioner filed in the South- ern District of Florida a "Petition to Reverse Decision of Case No. 54,134." Case No. 54,134 was a Petition for Writ of Mandamus addressed to the Florida Supreme Court asking it to direct the intermediate appellate court to reinstate an appeal which had been dismissed as not timely filed. The Supreme Court denied relief.

The district court correctly dismissed the petition for lack of subject matter jurisdiction. It is axiomatic that a federal district court, as a court of original jurisdiction, lacks appellate jurisdiction to review, modify, or nullify a final order of a state court. 28 U.S.C. § 1257(3). *See Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 296, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).

This Court has held on numerous occasions that federal district courts do not have jurisdiction under 42 U.S.C. § 1983 or any other theory to reverse or modify the judgments of state courts. *Cheramie v. Tucker,* 493 F.2d 586, 589 (5th Cir.), *cert. denied,* 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (1974); *Hill v. McClellan,* 490 F.2d 859, 860 (5th Cir. 1974); *Carter v. Duggan,* 455 F.2d 1156, 1158 (5th Cir. 1972); *Aris v. Big Ten Taxi Corp.,* 441 F.2d 536 (5th Cir. 1971); *O'Connor v. O'Connor,* 315 F.2d 420, 422 (5th Cir. 1963); *Hanna v. Home Insurance Co.,* 281 F.2d 298, 303 (5th Cir. 1960), *cert. denied,* 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747 (1961); *Williams v. Tooke,* 108 F.2d 758, 759 (5th Cir.), *cert. denied,* 311 U.S. 655, 61 S.Ct. 8, 85 L.Ed. 419 (1940).

AFFIRMED.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.