Robert Eric RASMUSSEN

v.

Mark WHITE, Attorney General of the State of Texas, et al.

Civ. A. No. S–80–49–CA.

United States District Court,
E. D. Texas,
Sherman Division.

Oct. 31, 1980.

Stephen F. Hefner, Sherman, Tex., for Robert Eric Rasmussen.

Mark White, Atty. Gen., Dawn Bruner, Asst. Atty. Gen., Austin, Tex., Tom O'Connell, Criminal Dist. Atty., Plano, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

JOE J. FISHER, District Judge.

The petitioner, Robert Rasmussen, alleges that his upcoming state trial for theft in the 219th Judicial District Court of Collin County, Texas, cause no. F80–215M, will subject him to double jeopardy. Petitioner pleaded not guilty to a charge of theft in F79–058M in the 219th Judicial District Court. The case was called to trial on April 28, 1980. The prosecution and the defense announced that they were ready to proceed, and a jury was selected and sworn. The case was continued until April 30, and then continued again to May 1. On May 1, on

court's own motion, a mistrial was declared over the objections of both attorneys because the court could not reach the case and did not want to keep the jury. On May 15, 1980, the petitioner was indicted for theft, and he claims that this indictment is on an enhanced offense arising out of the same transaction and occurrence as cause no. F80–215M.

The petitioner filed his plea in bar of former jeopardy in cause no. F80–215M on May 27, 1980, which was denied. Petitioner then filed an application for writ of habeas corpus in this Court alleging that his imminent trial in state court is in violation of his constitutional right not to be placed in double jeopardy. In his petition, Mr. Rasmussen prays for an order dismissing cause no. F80–215M as well as a stay of that cause. That action, scheduled for trial on October 20, 1980, has been stayed by the state court pending this Court's action. The United States Magistrate in Sherman, Houston Able, filed his report on July 18, 1980 which denied all relief based on the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Thereafter, petitioner sought to amend his application to show that the Court of Criminal Appeals denied his writ of prohibition and mandamus on July 25, 1980.

The magistrate's report denied relief, stating that "a federal injunction can run against a pending state criminal prosecution only on a 'showing of bad faith, harm, or other unusual circumstances that would call for equitable relief.'" (Citing *Younger v. Harris*, 401 U.S. at 54, 91 S.Ct. at 755.) The magistrate further relied on *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) for the proposition that "[t]here is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial."

1. The state court has voluntarily stayed the October 20th trial of this case pending this Court's ruling. Even though there is no stay or injunction requested, the *Younger* doctrine still stands as a possible bar to the other relief. *See Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977). Dismissing the indictment would be just as much an interference with a pending state criminal prosecution as a stay or injunction. In *Samuels v. Mackell*, 401 U.S. 66, 73,

## ABSTENTION

The petitioner has filed objections to the report in which he argues that *Younger* doctrine should not apply to a double jeopardy situation. Counsel for the petitioner has made a thorough study of those authorities which have granted pre–trial habeas corpus relief to prevent placing the petitioner in double jeopardy. Those cases appear to be in conflict with *Younger v. Harris*, and in general, fail to address the *Younger* doctrine.

*Younger* holds that "a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent immediate irreparable injury." *Samuels v. Mackell*, 401 U.S. 66, 69, 91 S.Ct. 764, 766, 27 L.Ed.2d 688 (1971) (companion case to *Younger*). *See generally* 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure §§ 4251–52, 5255 (1978). Under *Younger*, equitable relief can be given if there is "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." 401 U.S. at 54, 91 S.Ct. at 755. The magistrate found no bad faith or harassment, so the Court must find "extraordinary circumstances" or conclude that *Younger* bars the relief sought. In discussing the "exceptional circumstances" exception to *Younger*, Professors Wright, Miller and Cooper note that those cases that find an exception are of questionable authority. 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4255 at 581–87 (1978). This Court must decide if the *Younger* doctrine bars the relief sought in this case.[1]

As a starting point, virtually all of the cases mentioned below rely on *Braden v.*

91 S.Ct. 764, 766, 27 L.Ed.2d 688 (1971) (companion case to *Younger*), the Supreme Court held that "the same equitable principles relevant to the propriety of an injunction must be taken into consideration by the federal district courts in determining whether to issue a declaratory judgment, and that where an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well." The relief sought here is at least as

*30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). *Braden* holds that a habeas corpus petition may be sought to secure a speedy trial if the available state remedies have been exhausted. *Braden* has no *Younger* implications, however, because the relief sought in *Braden* was a speedy trial, not the injunction or dismissal of state court proceedings. The Fifth Circuit has construed *Braden* as allowing the relief of speedy trial, but not dismissal. *See Brown v. Estelle,* 530 F.2d 1280 (5th Cir. 1976).

In *Gully v. Kunzman,* 592 F.2d 283 (6th Cir. 1979), the Sixth Circuit allowed pre–trial review of petitioner's double jeopardy claim. Without discussing *Younger,* that court stated "double jeopardy claims, by their very nature, do involve exceptional circumstances warranting an exercise of the power despite the attendant risk of interfering with pending state proceedings." *Id.* at 286. *Accord, Rivers v. Lucas,* 477 F.2d 199 (6th Cir. 1973). The court reasoned that the double jeopardy clause protects against double exposure to liability, not merely double liability. In *Gully v. Kunzman,* however, the relief was denied on the merits and thus, the court did not have to interfere with the state action.

The case of *Jackson v. Justices of Superior Court of Massachusetts,* 549 F.2d 215 (1st Cir. 1977), is one of the few cases which discusses *Younger* in the context of pre–trial habeas corpus relief. The lower court in *Jackson* granted a stay of petitioner's trials on the grounds of double jeopardy. The court stated:

> The issuance of this stay is not barred by principles of comity and federalism articulated in the line of cases beginning with *Younger v. Harris* .... A primary focus of those cases is the necessity that the plaintiff exhaust fully his remedies in the state court; that is, the Federal court should refrain from acting where the plaintiff failed to take advantage of an opportunity to raise the federal issues

coercive as a declaratory judgment and the form of relief requested does not, by itself,

involved in state court, despite the existence of a competent state forum .... Here, the petitioners have given the state court every opportunity to hear their claim before they sought to make use of the federal forum. Therefore, the underlying reasons for declining jurisdiction as taught in *Younger* are absent here.

423 F.Supp. 50, 53 (D.Mass.1976). The First Circuit vacated the stay on other grounds, obviating any *Younger* problem, but in a footnote, expressed doubt that *Younger* would bar the stay. 549 F.2d 215, 216 n.1 (1st Cir. 1977). A footnote in the dissenting opinion seems to indicate the status of *Younger* in relation to pre–trial habeas corpus petitions based on double jeopardy in the First Circuit: "Whether there is to be a general 'futility' exception to the *Younger* doctrine, an exception seems appropriate in the case of double jeopardy claimants who are to be denied the opportunity in the state court system that they have a right not to be retried." *Id.* at 220 n.1 (Coffin, C. J., dissenting).

In *United States ex rel. Webb v. Court of Common Pleas,* 516 F.2d 1034 (3d Cir. 1975), the Third Circuit granted petitioner's habeas corpus relief and barred his retrial. Again, without discussing *Younger,* the court found special circumstances" existed, "because forcing Webb to trial would defeat the constitutional right Webb seeks to preserve." *Id.* at 1038–39. *Accord, United States ex rel. Russo v. Superior Court of New Jersey,* 483 F.2d 7 (3d Cir. 1973); *United States ex rel. Triano v. Superior Court of New Jersey,* 393 F.Supp. 1061 (D.N.J.1975).

The Fifth Circuit has allowed double jeopardy claims to be asserted by way of pre–trial habeas corpus petitions in *Fain v. Duff,* 488 F.2d 218 (5th Cir. 1973). That court found that since the state courts made a definitive ruling on the double jeopardy defense, and since the double jeopardy defense protects "against being twice put in jeopardy," the federal court should entertain the petition.

eliminate the *Younger* problem.

In *Jarvis v. Knowlton*, 459 F.Supp. 687 (N.D.Tex.1978), *rev'd and remanded on other grounds*, 620 F.2d 298 (5th Cir. 1980), the plaintiff brought a civil rights action under 42 U.S.C. § 1983 (1976), to enjoin his state criminal trial for attempted murder, alleging violation of the double jeopardy clause of the fifth amendment. The court found that the embarrassment, expense and ordeal of a second trial constitutes "irreparable injury both great and immediate," falling within the "extraordinary circumstance" exception to the *Younger* doctrine. *Id.* at 696.

To summarize the authorities, *Younger v. Harris* bars federal injunctions of pending state criminal prosecutions. The Fifth Circuit, in *Kolski v. Watkins*, requires a habeas corpus petitioner to satisfy *Younger* abstention hurdles. The only Fifth Circuit case on point, *Fain v. Duff*, allowed the relief without discussing *Younger*, and no case has squarely rejected the relief based on *Younger* abstention principles.

 This Court declines to follow those cases which hold that *Younger* does not apply to double jeopardy claims. The mandate of *Younger* is broad and clear; federal courts are not to interfere with pending state criminal actions absent a strong showing of bad faith, harassment, or other extraordinary circumstances. The mere fact that a petitioner raises a double jeopardy claim does not, by itself, raise the implication that the prosecution is conducted in bad faith or to harass the petitioner, or that extraordinary circumstances are present. In addition, the mere fact that the petitioner has sought interlocutory review of the alleged constitutional violation does not obviate the problems *Younger* sought to remedy. Many pretrial rulings may be appealed by interlocutory appeal or writ of mandamus. This Court does not feel constrained to follow those cases which granted pretrial habeas relief without discussing *Younger*, as it appears that *Younger* is of overriding importance in this area of federal practice.

Although this Court finds that *Younger v. Harris* precludes any relief in this case, the Court is of the opinion that the relief should be denied on the merits. Although jeopardy attached when the jury was sworn and impaneled, *see Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *McElwee v. State*, 589 S.W.2d 455 (Tex.Cr.App.1979), the defendant may be retried if, in the discretion of the trial judge, the mistrial was required by "manifest necessity" or by "the ends of public justice." *See United States v. Perez*, 22 U.S. (9 Wheat) 579, 580, 6 L.Ed. 165 (1824). The mistrial was declared in this case because the trial judge could not possibly reach the case, and a continuance was not deemed feasible. Transcript at 13. The trial judge need not make an explicit finding of manifest necessity for a mistrial to avoid a valid double jeopardy plea. *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). This Court finds that it was within the discretion of the trial judge to declare a mistrial based on the manifest necessity standard. It is, therefore,

ORDERED, ADJUDGED and DECREED that the petitioner's application for writ of Habeas Corpus is in all respects DENIED.