Garry DeYOUNG, Appellant,

v.

**Leon BALDWIN and Modern Business Equipment Company, Appellees.**

No. 84–2584.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 23, 1985.

Decided Feb. 14, 1985.

Rehearing and Rehearing En Banc Denied March 25, 1985.

No brief for appellant.

No brief for appellees.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

Plaintiff DeYoung brought this action in the United States District Court for the Northern District of Iowa seeking review of a judgment in the Iowa District Court for Clay County that affirmed a judgment in Iowa small claims court against DeYoung for $112.06 plus court costs. The United States District Court dismissed DeYoung's action, holding that it lacked appellate jurisdiction to review decisions of the Iowa District Court. DeYoung appeals the decision of the United States District Court to this Court.

Even were we to treat DeYoung's complaint in the United States District Court as one requesting exercise of original and not of appellate jurisdiction, the only issue raised by DeYoung in the present case that would vest jurisdiction of his action in a United States District Court is that he was denied due process of law by the failure of the Iowa small claims court sua sponte to appoint an attorney to represent him in the proceeding before it.[1] That claim is totally without merit. We there-

---

1. There is no diversity of citizenship between the parties.

fore hold that the District Court correctly determined that it lacked jurisdiction to entertain DeYoung's appeal from the judgment of the Iowa District Court for Clay County. *See Lampkin-Asam v. Supreme Court of Florida*, 601 F.2d 760 (5th Cir. 1979), *cert. denied*, 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642 (1980).

The judgment of the District Court is affirmed.