**WILLIAMS et al. v. TOOKE et al.**

No. 9273.

Circuit Court of Appeals, Fifth Circuit.

Jan. 9, 1940.

Rehearing Denied March 18, 1940.

D. B. Chapin, of San Antonio, Tex., for appellants.

Grover Sellers and George S. Terry, both of Dallas, Tex., and Geo. M. Conner, T. R. James, and Joe Ewing Estes, all of Fort Worth, Tex., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

This appeal is from a judgment dismissing a suit for want of jurisdiction. The suit is by Susie Williams and some 18 others against Allen Tooke and some 40 others. Many of the parties on both sides are citizens of Texas. Jurisdiction depends upon whether a substantial Federal question is properly presented for decision. The complaint is very lengthy, occupying, with exhibits, 153 pages of the printed transcript. However, the case as disclosed by the allegations of the complaint, may be somewhat briefly stated, as follows:

On March 14, 1917, B. F. Phillips conveyed to Porter Williams 102.26 acres of land out of the W. C. Wakeland Survey, situated in Gregg County, Texas. Williams paid $785 in cash out of his separate funds, and executed in further payment three promissory notes, payable in 1, 2 and 3 years, aggregating $800.00. The conveyance retained a vendor's lien securing the notes and provided for acceleration on default in payment of interest or principal.

Porter Williams died intestate on December 11, 1917. On November 6, 1918, Phillips filed suit in the District Court of Gregg County, Texas, against Susie Williams, his widow, and their eight minor children, as sole surviving heirs of Porter Williams, to foreclose his vendor's lien against the land. Susie Williams appeared by attorney and filed answer. A guardian ad litem was appointed by the court to represent the minors and filed answer for them. Judgment was entered in favor of Phillips. Execution issued. The land was sold by the sheriff to John T. Buckley, and on March 4, 1919, a deed was executed by the sheriff and delivered to him. Buckley immediately entered into possession of the land. On February 10, 1926, Allen Tooke acquired the land through mesne conveyances. Thereafter Tooke executed oil leases to various other parties named as defendants, the land was developed and large quantities of oil have been produced from it.

On November 14, 1933, about 15 years after the judgment of foreclosure, Susie Williams and her children filed suit in the 71st Judicial District Court for Gregg County against practically all the defendants in this case to cancel the judgment of foreclosure above referred to, on the grounds, among others, that the court was without jurisdiction because the petition

failed to allege Porter Williams had died intestate and administration of his estate was unnecessary. The case was decided against plaintiffs and on appeal the judgment was affirmed by a Court of Civil Appeals, 116 S.W.2d 1114. An application to the Supreme Court of Texas for a writ of error was denied.

The complaint alleges numerous errors committed by the Texas courts dealing with the case and that they deliberately, arbitrarily, capriciously and intentionally discriminated against plaintiffs and refused to award them relief, which under the settled laws of the state they were entitled to; and further, the state of Texas, acting by its said judicial departments, in effect, took plaintiffs' said property and gave it to the defendants without consideration, and without due process of law in violation of the 14th Amendment of the Constitution of the United States, U.S.C.A.

The bill prays for judgment decreeing the judgment in the foreclosure suit to be void; that the original purchaser and those holding under him be declared trustees and held to account; that the District Court, the Court of Appeals, the Supreme Court of Texas be held to have denied plaintiffs due process of law; and the state of Texas gave plaintiffs' property to the defendants without consideration, without due process of law, and denied them the equal protection of the law. Other relief prayed for requires no discussion.

If all the judgments complained of were merely erroneous that would not amount to a denial of due process of law. American Railway Express Co. v. Kentucky, 273 U.S. 269, 47 S.Ct. 353, 71 L.Ed. 639. However, if a case between private parties is arbitrarily and capriciously decided, in violation of settled principles of law and contrary to undisputed facts, though the court so deciding had jurisdiction over the suit, the judgment may be in violation of the 14th Amendment. Postal Telegraph Cable Co. v. Newport, Ky., 247 U.S. 464, 38 S.Ct. 566, 62 L.Ed. 1215. But that does not help appellant in this case. We are dealing solely with the jurisdiction of the District Court. The purpose of the suit is clearly to seek a review of the decisions of the Texas courts and the reversal of those decisions for error. The jurisdiction of the District Court is strictly original. It has no jurisdiction to reverse or modify the judgment of a state court. The errors complained of could be reviewed only by the Supreme Court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362. It was the duty of the District Court to dismiss the suit. 28 U.S.C.A. § 80.

The judgment is affirmed.