### BOCKELMAN et al. v. SEATON et al.

### No. 1871.

District Court, W. D. Missouri, W. D.

Sept. 12, 1944.

Martin F. Bockelman, pro se.

Joseph K. Owens, Richard H. Beeson, and David P. Dabbs, all of Kansas City, Mo., for defendant Perry Seaton.

Walter Leimer, of Kansas City, Mo., pro se.

Michael D. Konomos and J. M. Dodson, both of Kansas City, Mo., for defendants Helena Bokelman and others.

Frank E. Tyler, of Kansas City, Mo., for defendant Clarence O. Fell.

Lancie L. Watts, of Kansas City, Mo., for defendant University Bank.

REEVES, District Judge.

Nearly all of the defendants have filed motions to dismiss the above-entitled cause on the several grounds of, (a) lack of jurisdiction, and (b), failure to state causes of action. These will be noticed.

■ 1. It is the rule that the national courts possess only such jurisdiction as may be specifically prescribed by statute. Such jurisdiction is dependent upon diversity of citizenship or a federal question. Even then, the amount in controversy may be insufficient to confer jurisdiction. In this case the amount in controversy appears to be adequate. However, there is no averment of jurisdictional facts.

■ Rule 8(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c requires: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends * * *." There is no such averment in the complaint. Because of the lack of such averments the complaint should be dismissed.

■ 2. The same rule requires "(2) a short and plain statement of the claim showing that the pleader is entitled to relief, * * *." A careful examination of this complaint would not disclose a basis for this action.

It is inferred from the complaint that the plaintiffs have heretofore had litigation in a state court concerning the same subject matter. It is contended that due process was disregarded in the trial of said cause or causes and that they did not get relief on appeal to the Supreme Court of Missouri. They thereupon filed this suit which they have entitled "Suit for Fraud, Conspiracy, Damage and to Set Aside Judgment." It is the law that for failure to observe due process the parties may introduce a federal question and seek a review by the Supreme Court of the United States. The proper procedure would have been to go on to the Supreme Court by appeal from such action or certiorari to the Supreme Court of Missouri.

Such action was not taken. This court would therefore have no jurisdiction. Williams et al. v. Tooke, et al., 5 Cir., 108 F.2d 758, loc.cit. 759.

■ 3. Another reason why the complaint should be dismissed is that it does not conform to Rule 10 (b) of the Rules of Civil Procedure. This rule requires that "All averments of claim * * * shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings." There was no pretense of observing these plain rules.

4. An examination of the files would indicate that the plaintiffs have proceeded pro se. This doubtless explains why the pleadings failed to conform to recognized and required practice. It probably also explains why they suffered summary defeat in the state court action. While it does not appear that the plaintiffs have a cause of action, yet, if they still believe that they have and are unable to employ counsel, proper officials of the Bar Association should be consulted and if they have just causes proper advice will be given them and their rights will be fully protected.

In the meantime the motions to dismiss will be sustained. Some of the defendants have not filed motions; in one case the defendant is absent in military service. However, as to them, no cause of action is stated and the complaint should be dismissed as to all defendants. It will be so ordered.