**Marianne O'Brien REYNOLDS, Plaintiff-Appellant,**

v.

**STATE OF GEORGIA; George Busbee, Individually and as Governor of Georgia; et al., Defendants-Appellees.**

**No. 80–7197.**

United States Court of Appeals, Fifth Circuit. Unit B

March 26, 1981.

Rehearing and Rehearing En Banc Denied April 28, 1981.

O'Callaghan, Saunders & Stumm, Richard L. Stumm, Gene B. McClure, B. Lee Crawford, Jr., Sharon J. Strange, Atlanta, Ga., for plaintiff-appellant.

Patricia T. Barmeyer, Asst. Atty. Gen., Atlanta, Ga., Bennet, Gilbert, Gilbert, Whittle, Harrel & Gayner, Wallace E. Harrell, Brunswick, Ga., for defendants-appellees.

Before FAY, HENDERSON and HATCHETT, Circuit Judges.

PER CURIAM:

Upon studying the briefs and the record in this matter and being fully advised through the argument of counsel, we affirm the judgment of the district court. Under date of February 14, 1980, the Honorable Anthony A. Alaimo, Chief Judge, entered a comprehensive order dealing with all of the issues raised here and since we are in complete agreement with the expressions contained therein we adopt it and attach it as an appendix.

We do add one comment. In dealing with the question of its jurisdiction, the trial court accepted plaintiff's interpretation of the Georgia Supreme Court's opinion in *Reynolds v. Estate of R. J. Reynolds*, 238 Ga. 1, 230 S.E.2d 842 (1976), as both erroneous and unpredictable. We find it to be neither. Although labeled as a "theretofore-unknown and retroactively-applied rule that ownership interests in securities do not arise until a transfer is recorded on the books of the corporation" (Plaintiff brief p. 16), an examination of the court's language reveals that the holding was merely one applying a long standing rule of pleading. "Under this ruling, the plaintiff was bound by the solemn and unstriken allegation contained in her petition, which was admitted by the answer..." *Id.* at 844, 230 S.E.2d 842. As the court stated:

> Accordingly, those allegations of the plaintiff's complaint, which disclose ... cannot be disputed, nor can the allegation that the common stock was never transferred on the books of the corporation be disputed.

*Id.* at 844 and 845, 230 S.E.2d 842.

It is apparent that the Georgia Supreme Court was making reference to both allegations and uncontested facts contained in the pleadings. "The stock was not transferred on the books of the corporation, although Richard J. Reynolds told the plaintiff that it had been so transferred." *Id.* at 844, 230 S.E.2d 842. To equate this with an announcement that stock may only be transferred by transfer entries on the books of the corporation, stretches beyond even the broadest conceivable interpretations. We find nothing new or novel in the opinion.

Federal Courts are not designed to serve as additional appellate reviewers of State Court judgments. The dismissal is AFFIRMED.

APPENDIX
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| MARIANNE O'BRIEN REYNOLDS, | * | CIVIL ACTION |
| Plaintiff | * | NO. CV 278–111 |
| V. | * | |
| STATE OF GEORGIA; et al., Defendants. | | |

ORDER

In this case, plaintiff, Marianne O'Brien Reynolds, alleges that she has been deprived of her property without just compensation and without due process of law by an erroneous and unpredictable decision of the Georgia Supreme Court.

Based on a handwritten prenuptial agreement, executed in 1945, in which Richard J. Reynolds promised to assign to her all of the common stock in Sapeloe Plantation, Inc., in exchange for her promise to marry him, plaintiff claims to own all beneficial interests in approximately 16,000 acres of land situated on Sapelo Island, Georgia. Sapeloe Plantation, Inc. was sole owner of the land. Richard J. Reynolds was married at the time of the agreement. According to plaintiff, the stock was later delivered to her as promised. Afterwards, however, without her knowledge, Reynolds caused Sapeloe Plantation to convey the land to him. He then dissolved the corporation. Thereafter, he conveyed the land to defendants, the State of Georgia and several of its officials and agencies, or their predecessors-in-interest. Plaintiff now seeks to recover the land.

Plaintiff's action in this Court arises from earlier proceedings in State Court. In December, 1975, plaintiff brought an action in McIntosh County Superior Court against the State of Georgia and other individual defendants seeking, inter alia, to obtain possession of the land and to block a conveyance of a portion of the land to the State. On July 21, 1976, the Court granted Summary Judgment in favor of most of the defendants on grounds including illegality of the agreement, statute of limitations, accord and satisfaction, release, defendants' position as a bona fide purchaser, and sovereign immunity. On August 26, the State Court granted Summary Judgment in favor of other defendants.

Plaintiff appealed to the Georgia Supreme Court, which affirmed the trial Court's grant of Summary Judgment in an opinion issued on November 3, 1976. See Reynolds v. Estate of R. J. Reynolds, 238 Ga. 1, 230 S.E.2d 842 (1976). In affirming the judgment of the Court below, the Supreme Court found two crucial facts to be undisputed. First, the Court found that "the common stock was never transferred on the books of the corporation." Id. at 4, 230 S.E.2d 844. Therefore the agreement to transfer the stock was purely executory. Secondly, the Court found that "the handwritten agreement between the plaintiff and Richard J. Reynolds was in consideration of the sum of $10 and the agreement of plaintiff to marry him at a time when he was then married to another person . . . ." Id. By encouraging the dissolution of an existing marriage, this agreement offended the public policy of the State of Georgia. Hence, the Court declined to order its enforcement. Id. at 4–6, 230 S.E.2d 845.

In a Motion for Rehearing, the plaintiff objected to the Court's apparent conclusion that the agreement was executory because the stock had not been transferred on the books of the corporation. Plaintiff argued that under the law in effect at the time of the agreement, delivery of the endorsed certificates or transfer on the books of the corporation was sufficient to transfer ownership in stock. Plaintiff alleged that a

factual issue existed as to delivery. She urged, therefore, that it was inappropriate to conclude, as a matter of law, that the agreement had never been executed and, as a result, that she had never owned the stock. Nonetheless, the Supreme Court denied the motion.

Next, plaintiff petitioned the United States Supreme Court for a Writ of Certiorari. In her petition, she alleged that she had been deprived of her property without just compensation and without due process of law by the erroneous and unpredictable decision of the Georgia Supreme Court respecting the means of transferring ownership in stock. She also alleged that the Georgia Supreme Court, in holding the prenuptial agreement to be unenforceable because violative of the State's public policy favoring the preservation of marriages, denied her the equal protection of the laws, gave effect to an unconstitutional irrebuttable presumption, and offended the full faith and credit clause of the Constitution. The Supreme Court denied the Writ on April 18, 1977. 430 U.S. 968, 97 S.Ct. 1651, 52 L.Ed.2d 360.

Plaintiff filed this action on November 2, 1978. In addition to her steadfast assertion that the judgment of the Georgia Courts deprived her of property without just compensation and without due process of law, she also now asserts that the Courts' actions denied her procedural due process and a trial by jury. In this action, she seeks to set aside the judgments of the Georgia Courts as null and void, obtain a declaration of her rights to the land, recover damages for the violation of her Constitutional and Civil Rights in the amount of $10,000, and enjoin the defendants, the State of Georgia and several of its officials and agencies, from further interfering with her rights in the land. She invokes the jurisdiction of this Court under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1983.

Defendants have moved for Summary Judgment on several grounds, including lack of subject-matter jurisdiction, *res judicata,* lack of a substantial Federal question, Eleventh Amendment, sovereign immunity, and official immunity. This motion is now before the Court.

Having considered the pleadings, memoranda, and oral arguments offered by the parties, the Court finds the questions of its jurisdiction to be dispositive. Concerning that issue, the material facts are not in dispute. Also, for the purpose of testing its jurisdiction, this Court has accepted plaintiff's interpretation of the Georgia Supreme Court's opinion. Notwithstanding, the Court is constrained to conclude, for the reasons which follow, that plaintiff seeks a character of review and a form of relief that is beyond the jurisdiction of this Court. Accordingly, defendants' Motion for Summary Judgment must be granted.

■ At the outset, the Court recognizes that a State Court Judgment which violates settled legal principles may run afoul of the guaranties of the due process clause, especially if such a judgment has the effect of taking property from a citizen and giving it to the State. *See Hughes v. Washington,* 389 U.S. 290, 88 S.Ct. 438, 19 L.Ed.2d 530 (1967) (Stewart, J., concurring); *Brinkerhoff-Faris Trust and Savings Co. v. Hill,* 281 U.S. 673, 50 S.Ct. 451, 74 L.Ed. 1107 (1930); *American Railway Express Co. v. Kentucky,* 273 U.S. 269, 47 S.Ct. 353, 71 L.Ed. 639 (1927); *Muhlker v. New York & Harlem R. R. Co.,* 197 U.S. 544, 25 S.Ct. 522, 49 L.Ed. 872 (1905); *Chicago, Burlington & Quincy R. R. Co. v. Chicago,* 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1897). However, the fact that an arbitrary judgment of a State Court may abridge the Constitution does not necessarily mean that such a judgment gives rise to a *claim* for violation of Constitutional and Civil Rights in Federal District Court. If to review such a judgment for Constitutional violations of that character is essentially an exercise of appellate jurisdiction, a Federal District Court, whose jurisdiction is strictly original, has no power to entertain such a suit.

In this case, plaintiff asserts that she is not seeking appellate review of the State Court decision, but that she is stating a new and distinct claim based on the injury caused by the decision. This contention,

however, is not borne out by the relevant authorities and, indeed, is refuted by the prayers of her own complaint.

Foremost, in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the Supreme Court held that a Federal District Court has no power to review a judgment by the highest Court of a state which allegedly changes state law in violation of the due process clause of the Fourteenth Amendment. In *Rooker*, appellants had sued in State Court to enforce a deed of trust. Two appeals were taken at different stages of the litigation to the highest State Court. After a final adverse decision by the highest State Court, appellants sought a Writ of Error in the United States Supreme Court. As one ground of error, appellants complained that

> "on the second appeal [to the highest State Court], the court took and applied a view of the trust agreement different from that taken and announced on the first appeal, and that this change in decision impaired the obligation of the agreement, contrary to the contract clause of the Constitution of the United States, and was a violation of the due process and equal protection clauses of the 14th Amendment."

*Rooker v. Fidelity Trust Co.*, 261 U.S. 114, 117–18, 43 S.Ct. 288, 289, 67 L.Ed. 556 (1923). The Supreme Court, finding this contention insufficient to sustain jurisdiction under its Writ of Error provision, dismissed the appeal. Following this dismissal, plaintiffs brought an action in Federal District Court based on the same allegations. The District Court dismissed the suit as not within its jurisdiction and the Supreme Court affirmed. *Rooker v. Fidelity Trust Co.*, 263 U.S. at 414–15, 44 S.Ct. at 149. Significantly, the Court concluded that although the alleged Constitutional vi-

olation did not occur until the highest State Court announced its decision, it would nevertheless be an exercise of appellate jurisdiction for the District Court to review the judgment of the State Court to determine whether the judgment transgressed the bounds of the Constitution.[1]

The Fifth Circuit Court of Appeals has consistently respected the rule announced in *Rooker*. *See Warriner v. Fink*, 307 F.2d 933 (5th Cir. 1962), *cert. denied*, 372 U.S. 943, 83 S.Ct. 937, 9 L.Ed.2d 969 (1963); *Hanna v. Home Insurance Co.*, 281 F.2d 298 (5th Cir. 1960), *cert. denied*, 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747 (1961); *Manufacturers Record Publishing Co. v. Lauer*, 268 F.2d 187 (5th Cir.), *cert. denied*, 361 U.S. 913, 80 S.Ct. 258, 4 L.Ed.2d 184 (1959); *Williams v. Tooke*, 108 F.2d 758 (5th Cir. ), *cert. denied*, 311 U.S. 655, 61 S.Ct. 8, 85 L.Ed. 419 (1940). *Cf. Cheramie v. Tucker*, 493 F.2d 586 (5th Cir.) (collateral estoppel bars Federal Court review of State Court decision for alleged misapplication of state law), *cert. denied*, 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (1974).

For example, in *Williams v. Tooke, supra*, where plaintiff sought a decree nullifying a State Court judgment in a foreclosure suit and an accounting from those persons who held property under the deed of foreclosure, the Complaint charged State Courts with having

> "deliberately, arbitrarily, capriciously and intentionally discriminated against plaintiff and refused to award them relief, which under the settled laws of the state they were entitled to; and further, the state ... acting by its said judicial departments, in effect took plaintiffs' said property and gave it to the defendants without consideration, and without due process of law in violation of the 14th

---

1. The Supreme Court also observed that "[i]f the constitutional questions ... arose in the cause, it was the province and duty of the state court to decide them; and their decision ... [could only be reversed or modified] in an appropriate and timely appellate proceeding." *Id.* at 415, 44 S.Ct. at 150. But given the facts in *Rooker*, this observation cannot be interpreted as limiting the Court's holding to the familiar

principle that constitutional questions, once presented to the state courts and decided by them, cannot be relitigated in federal district court. On the contrary, *Rooker* prohibits a federal district court from reviewing a state court judgment for constitutional violations of this character regardless of when the constitutional violations are said to have occurred.

Amendment of the Constitution of the United States ...."

108 F.2d at 759. The Court of Appeals acknowledged that a judgment of a State Court could be so contrary to settled principles as to violate due process. "But," said the Court,

"that does not help appellant in this case. The purpose of the suit is clearly to seek a review of the decisions of the [state] courts and the reversal of those decisions for error. The jurisdiction of the District Court is strictly original. It has no jurisdiction to reverse or modify the judgment of a State Court. The errors complained of could be reviewed only by the Supreme Court. It was the duty of the District Court to dismiss the suit."

*Id.* (*citing Rooker*, 263 U.S. 413, 44 S.Ct. 149).

■ In the case at bar, plaintiff asks this Court to "declare that ... the rulings of the Superior Court of McIntosh County, Georgia and the Supreme Court of Georgia ... have deprived her of her property in violation of the United States Constitution," Complaint, Count 2, ¶ 2, "[i]ssue a permanent injunction enjoining the defendants ... from implementing or taking advantage of the judgments of the Supreme Court of Georgia or the Superior Court of McIntosh County ...", *id.* ¶ 3, and "[d]eclare null and void the judgments of the Supreme Court of Georgia and the Superior Court of McIntosh County ...", *id.* ¶ 4. Despite plaintiff's portrayal of her dissatisfaction with the Georgia Court's decisions as a distinct injury, it is manifest from the prayers of her complaint that she seeks essentially an appellate review of those decisions. "It is the essential criterion of appellate jurisdiction, that it revises and corrects the proceedings in a cause ...." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 175, 2 L.Ed. 60 (1803). "[T]o reverse or modify

[a] judgment ... would be an exercise of appellate jurisdiction." *Rooker*, 263 U.S. at 416, 44 S.Ct. at 150. The addition of several new defendants in this action does not alter the prohibited character of relief she seeks, *see id.* at 414, 44 S.Ct. at 149, nor is it significant that she presents her claim under section 1983 as well as under the Constitution. *See Lampkin-Asam v. Supreme Court of Florida*, 601 F.2d 760 (5th Cir. 1979) (*per curiam*). Plaintiff still seeks a type of review which is beyond the power of this Court.[2]

■ Finally, plaintiff's additional claim that she was denied procedural due process and a jury trial by the Superior Court's granting Summary Judgment in defendants' favor is simply frivolous. *Page v. Work*, 290 F.2d 323, 334 (9th Cir.), *cert. denied*, 368 U.S. 875, 82 S.Ct. 121, 7 L.Ed.2d 76 (1961); *In the Matter of Georgia Jewelers, Inc., Bankrupt*, 219 F.Supp. 386, 399 (N.D.Ga.), *aff'd*, 302 F.2d 362 (5th Cir. 1962). Consequently, this claim, too, fails to vest this Court with jurisdiction. *Bell v. Hood*, 327 U.S. 678, 681–82, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1946).

In conclusion, and based on the foregoing reasons, defendants' Motion for Summary Judgment on the ground of lack of subject-matter jurisdiction is GRANTED. The Clerk is instructed to enter an appropriate order dismissing plaintiff's complaint with prejudice.

---

**2.** In holding that a District Court has no power to review a State Court judgment for constitutional violations of the character alleged in plaintiff's complaint, this Court is aware of those authorities espousing the contrary position: *Sotomura v. County of Hawaii*, 402 F.Supp. 95 (D.Hawaii 1975), *followed*, 460 F.Supp. 473 (D.Hawaii 1978) (same case); *Robinson v. Ariyoshi*, 441 F.Supp. 559 (D.Hawaii 1975). This Court has declined to follow those authorities, however, in view of *Rooker v. Fidelity Trust Co.* and its progeny within the Fifth Circuit.