Filed 12/12/13  Hoover v. Tucker CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MATT HOOVER, | D061935 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 30-2011-00529462) |
| JOSEPHINE STANTON TUCKER et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Orange County, William F. Fahey, Judge.  (Judge of the L.A. Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Matt Hoover, in pro. per., for Plaintiff and Appellant

Benton, Orr, Duval & Buckingham and Kevin M. McCormick for Defendants and Respondents.

In his complaint, Matt Hoover alleges that while participating in the dismissal of a previous malicious prosecution action, the defendants, a superior court judge and a justice

of the appellate court, violated his federal civil rights within the meaning of section 1983 of title 42 of the United States Code (section 1983). Hoover's complaint seeks declaratory relief in the form of a judgment invalidating the dismissal of the malicious prosecution action.

By way of a demurrer, the defendants argued Hoover's complaint was barred by res judicata and judicial immunity. The trial court sustained the demurrer without leave to amend.

On appeal, Hoover contends his claim is not barred by res judicata because the trial judge in the malicious prosecution action did not consider evidence he wished to offer and did not provide him with additional time to obtain counsel. Hoover also contends judicial immunity does not bar his complaint because he is not seeking damages but only declaratory relief. As we explain, we reject Hoover's contentions and affirm the judgment of dismissal.

FACTUAL AND PROCEDURAL HISTORY

We take judicial notice of two related appellate opinions, *Hoover v. Walley* (Nov. 9, 2010, G042813) (nonpub. opn.) (*Hoover*) and *Walley v. Superior Court* (July 24, 2013, G048340) (nonpub. opn.) (*Walley*). The opinions in *Hoover* and *Walley* are helpful here because they set forth the myriad of litigation that has given rise to Hoover's current claims.

A. *Landlord Tenant Dispute and Malpractice Arbitration*

At some point in the past, Hoover had a romantic and business relationship with

2

Sarah Martin. Martin owned a business, Footprints 'n More, Inc. A dispute arose between Martin and the landlord who owned the premises where Martin's business was located.

Initially, Martin and Hoover were represented jointly by the same attorney, Thomas Walley. At some point during Walley's representation, the romance between Hoover and Martin ended, and Walley withdrew as counsel for Hoover but continued representing Martin.

In response to Walley's withdrawal, Hoover initiated an arbitration proceeding against Walley in which he alleged claims for breach of fiduciary duty and malpractice. Walley was represented in the arbitration by a second attorney, Steven Gentry. Hoover prevailed in the arbitration and was awarded $200,000.

B. *Hoover's Claim Against Martin*

Hoover also filed a complaint against Martin alleging breach of contract and a common count for money he claimed she owed him. Martin was represented in the proceeding by Gentry and filed a cross-complaint against Hoover alleging breach of contract and various tort claims.

Following a bench trial, the trial court found in Martin's favor on Hoover's complaint and in Hoover's favor on Martin's cross-complaint. The trial court found that each party should bear their own costs.

C. *Malicious Prosecution Action*

In May 2009, Hoover filed a complaint for malicious prosecution against Martin,

3

Footprints 'n More, Inc., Gentry, Walley, and their respective law firms. He alleged they had filed and prosecuted Martin's cross-complaint maliciously and without probable cause. Each defendant filed a separate anti-SLAPP motion.

Judge Josephine Staton Tucker heard and granted the anti-SLAPP motions and dismissed Hoover's complaint. Judge Tucker found that the defendants were engaged in protected activity within the meaning of the anti-SLAPP statute, Code of Civil Procedure section 425.16, and that Hoover could not demonstrate a likelihood of success on his malicious prosecution action because he could not demonstrate Martin's cross-complaint was terminated in his favor. In finding no favorable termination, Judge Tucker relied on the trial court's unwillingness, in the prior litigation, to award Hoover costs.

In addition to finding no favorable termination in the prior action, Judge Tucker also found that Hoover had failed to show that the cross-complaint lacked probable cause or was prosecuted with the requisite malice and, in the case of Walley, that Walley had even participated in prosecuting the cross-complaint.

Following Judge Tucker's ruling on the anti-SLAPP motions, Hoover asked Judge Tucker for a 30-day stay so that he could obtain legal counsel. Judge Tucker denied his request. Hoover thereafter filed a motion for reconsideration, which Judge Tucker also denied. Hoover filed a timely notice of appeal.

On appeal, Justice Richard Aronson, writing for a unanimous panel, disagreed with Judge Tucker's favorable termination determination. However, the Court of Appeal agreed that Hoover failed to present admissible evidence that Martin's cross-complaint

4

lacked probable cause or was prosecuted maliciously. It also found Hoover failed to present admissible evidence with regard to whether Walley participated in prosecution of the cross-complaint. Accordingly, the Court of Appeal affirmed the dismissal of Hoover's malicious prosecution action.

Hoover sought review of the judgment dismissing his complaint in the California Supreme Court and the United States Supreme Court. Both courts declined to hear his respective petitions.

D. *These Proceedings*

After his malicious prosecution complaint was dismissed, Hoover filed a complaint against Judge Tucker and Justice Aronson (unless otherwise indicated, hereafter collectively defendants) alleging a violation of his constitutional rights. Hoover's complaint alleges that Judge Tucker's conduct in declining his request to stay his ruling, in refusing to consider evidence he wished to present and in denying his motion for reconsideration violated his constitutional rights and that Justice Aronson violated his rights by failing to address three of the issues he raised on appeal. In the trial court and on appeal, Hoover suggests these claims are cognizable under section 1983.

As we indicated at the outset, Hoover's complaint only sought declaratory relief in the form a judgment determining that the judgment entered in the malicious prosecution action is void.

Defendants filed a demurrer to Hoover's complaint arguing it was barred by res judicata and judicial immunity.

5

The trial court entered an order sustaining the demurrer without leave to amend and dismissed the action with prejudice. Hoover filed a timely notice of appeal.

I

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

II

Hoover's complaint is barred by res judicata. As Hoover notes, the only remedy he is pursuing is a declaration determining the judgment dismissing his malicious prosecution action is invalid. Because that judgment is now final, the doctrine of res judicata prevents us from disturbing it by way of any new proceeding. (*Brown v. Felsen* (1979) 442 U.S. 127, 131.) "This Court has long recognized that '[public] policy dictates

6

that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.' [Citation.] We have stressed that '[the] doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, "of public policy and of private peace," which should be cordially regarded and enforced by the courts . . . .' [Citation.] . . . [¶] '. . . [W]e cannot be expected . . . to upset the general and well-established doctrine of *res judicata*, conceived in the light of the maxim that the interest of the state requires that there be an end to litigation—a maxim which comports with common sense as well as public policy.'" (*Federated Department Stores v. Moitie* (1981) 452 U.S. 394, 401-402.)

A dismissal under the anti-SLAPP statute is a resolution on the merits. (See *No Doubt v. Activision, Inc.* (2011) 192 Cal.App.4th 1018, 1026; *Traditional Cat Assn., Inc. v. Gilbreath* (2004) 118 Cal.App.4th 392, 398.) The fact that Hoover's malicious prosecution action was resolved in the absence of evidence Hoover wished to present and in a proceeding that Hoover believes was unfair does not make it any less a binding resolution on the merits. (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 372, p. 995.)

### III

Hoover also argues the trial court erred in finding this complaint was barred by judicial immunity. He contends absolute judicial immunity applies only to claims for money damages and does not apply to his claim for declaratory relief. Again, we

7

disagree.

Before 1996, judicial immunity did not protect judicial officers from claims under section 1983 for *prospective* injunctive relief. (*Pulliam v. Allen* (1984) 466 U.S. 522, 541 (*Pulliam*).) In *Pulliam*, a local magistrate engaged in the practice of requiring bail for nonjailable offenses and incarcerating those accused of such offenses when they were unable to post the required bail. By way of an action under section 1983, plaintiffs, who had been jailed by the magistrate, obtained an injunction preventing the practice. On appeal, the magistrate argued that she was immune from the constraints of such an injunction.

Broadly analogizing the relief available under section 1983 to common law writs, by which higher courts exercise jurisdiction over lower tribunals, the court found that a federal court could issue a prospective injunction against future action by a state court. (*Pulliam*, *supra*, 466 U.S. at pp. 535-543.) "Our own experience is fully consistent with the common law's rejection of a rule of judicial immunity from prospective relief. We never have had a rule of absolute judicial immunity from the prospective relief, and there is no evidence that the absence of that immunity has had a chilling effect on judicial independence." (*Id*. at p. 536.)

In 1996, Congress amended section 1983 and added the following with respect to judicial immunity: "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." As we

8

read this provision, it limits the power the court recognized in *Pulliam* to instances where either the conduct to be enjoined was the subject of an earlier declaratory relief judgment or such earlier relief was not available to the litigants. Thus, by its terms, the 1996 amendment effectively requires litigants who wish to use section 1983 to enjoin the conduct of a judicial officer to either first obtain a declaratory judgment and then enforce the judgment or show that under the particular circumstances presented such declaratory relief was not available. In the absence of those circumstances, judicial officers are immune even from prospective injunctive relief available under *Pulliam*. (See *Roth v. King* (2006) 449 F.3d 1272, 1286-1287.)

Importantly, the injunctive power the court in *Pulliam* recognized, which is now subject to the limitations imposed by Congress by way of the 1996 amendment, applies only to *prospective* judicial conduct. Section 1983 does not provide any power to review *final* state court judgments or decisions. (See *Allen v. McCurry* (1980) 449 U.S. 90, 103-104; *Reynolds v. State of Georgia* (5th Cir. 1981) 640 F.2d 702, 705; *Hoai v. Superior Court* (D.C. Cir. 2008) 539 F.Supp.2d 432, 435.) In *Reynolds v. State of Georgia*, the plaintiff argued that a decision of the Georgia Supreme Court altered ownership rules with respect to corporate securities and, in doing so, violated her right to due process. In finding that section 1983 did not provide any jurisdiction for such a claim, the court stated: "[T]he fact that an arbitrary judgment of a State Court may abridge the Constitution does not necessarily mean that such a judgment gives rise to a claim for violation of Constitutional and Civil Rights in Federal District Court. If to review such a

9

judgment for Constitutional violations of that character is essentially an exercise of appellate jurisdiction, a Federal District Court, whose jurisdiction is strictly original, has no power to entertain such a suit." (*Reynolds v. State of Georgia*, *supra*, at p. 705.)

Here, by way of his civil rights allegations against defendants, Hoover expressly asked that the trial court invalidate the judgment of dismissal that terminated his malicious prosecution action. This is an unmistakable attempt to use this action as a means of seeking further appellate review of that judgment, as opposed to any prospective injunctive relief. Section 1983 provides no such appellate review and, in that sense, defendants are immune from Hoover's request for declaratory relief.

IV

Defendants ask that we impose sanctions on Hoover for his pursuit of what they contend is a frivolous appeal. We decline to do so.

In *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 at pages 649-650, the court "set forth two alternative tests for determining a frivolous appeal. The first test is subjective: Was the appeal prosecuted solely for an improper motive, such as to harass the respondent or delay the effect of an adverse judgment? [Citation.] . . . [¶] The second strand of *Flaherty* is objective: Was the appeal so indisputably without merit that any reasonable attorney would agree it was totally devoid of merit?" (*Tomaselli v. Transamerica Ins. Co.* (1994) 25 Cal.App.4th 1766, 1773.) "The two standards are often used together, with one providing evidence of the other. Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay." (*In

10

*re Marriage of Flaherty*, *supra*, at p. 649.)

Importantly, sanctions should be imposed sparingly "so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal." (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 650.) Although Hoover's contentions on appeal are quite novel and his express effort to essentially relitigate his malicious prosecution action by way of a civil rights action against judicial officers who rendered the decision has no doubt been a burdensome distraction to them, nonetheless, the issues Hoover raises and, in particular, the scope of relief available under section 1983, are not so meritless as to warrant imposition of sanctions.

## DISPOSITION

The order dismissing the complaint is affirmed. Defendants to recover their costs of appeal.

BENKE, Acting P. J.

WE CONCUR:

NARES, J.

IRION, J.

11